# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

THOMAS SEDLMAYR,

Plaintiff,

vs.

CIGNA GROUP INSURANCE a/k/a and d/b/a CIGNA HEALTH & LIFE INSURANCE COMPANY,

Defendant.

## NOTICE OF REMOVAL

Defendant Life Insurance Company of North America ("LINA"), which plaintiff Thomas Sedlmayr ("Sedlmayr") has incorrectly named as "Cigna Group Insurance a/k/a and d/b/a Cigna Health & Life Insurance Company ("CHLIC"), submits this Notice of Removal for the purpose of removing the above-entitled action from the District Court for the City and County of Denver, Colorado to the United States District Court for the District of Colorado, and states as follows in support of this removal.

1. Sedlmayr seeks the recovery of accidental death and dismemberment ("AD&D") benefits under the U.S. Domestic Health and Group Benefits Plan ("Plan") of Haliburton Energy Services, Inc. ("Haliburton"), the Accidental Death and Dismemberment Program of the Plan, and Group Policies Nos. OK 980086 and 980004 ("Group AD&D Policies"), which LINA issued to Haliburton to fund the Plan's AD&D benefits. *See* Amended Complaint, ¶¶ 6; 13; 14-18, a copy of which LINA has attached to this notice as Exhibit A; *see also* affidavit of Richard M. Lodi at ¶ 1, a copy of which LINA has attached to this notice as Exhibit B.

2. LINA is an insurance company organized and existing by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.  Exhibit B, ¶ 3.

3. Haliburton established the Plan for the benefit of its employees, which provides AD&D benefits to eligible participants in the Plan.  Exhibit A, ¶¶ 13-17; Exhibit B, ¶ 4.

4. During the time period relevant to this case, LINA was the claim administrator responsible for the determination of claims for AD&D benefits under the Plan.  Exhibit B, ¶ 5.

5. Sedlmayr has incorrectly named "Cigna Group Insurance a/k/a and d/b/a Cigna Health & Life Insurance Company" as the defendant in this action.  Exhibit B, ¶ 6.

6. Cigna Group Insurance is a registered service mark, which LINA uses, and is not an insurance company.  Exhibit B, ¶ 7.

7. Although CHLIC is an insurance company, CHLIC neither administers AD&D claims under the Plan nor issued the AD&D Group Policies to Halliburton.  Exhibit B, ¶ 8.

8. LINA is the claim administrator that issued the determinations regarding Sedlmayr's claim for AD&D benefits under the Plan and the Group AD&D policies.  Exhibit B, ¶ 9.

9. LINA is the only entity that would be responsible for the payment of any settlement or judgment in this case.  Exhibit B, ¶ 10.

10. LINA is the only proper defendant in this case.  Exhibit B, ¶ 11.

11. After the removal of this case, LINA will seek the substitution of it as the defendant for the erroneously named "Cigna Group Insurance a/k/a and d/b/a Cigna Health & Life Insurance Company."

12. LINA through the erroneous naming of CHLIC is the defendant in a civil action that Sedlmayr filed in the District Court of the City and County of Denver, Colorado entitled *Sedlmayr v. Cigna Group Insurance,* No. 2018CV30757. Exhibit A.

13. On March 27, 2018, Sedlmayr served the summons and complaint on CHLIC through service on the Corporation Company. *See* return of service and summons, a copy of which LINA has attached to this notice as Exhibit C.

14. Upon inquiry by counsel for LINA, no further state court proceedings have occurred or are scheduled in this matter.

15. Sedlmayr alleges that he is entitled to AD&D benefits under the Group AD&D Policies. Exhibit A, ¶¶ 13-18; 40-48.

16. The Group AD&D Policies are part of the Plan, which is an employee welfare benefit plan. Exhibit A ¶¶ 13-17; Exhibit B ¶ 12.

17. The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, governs the Plan and the Group AD&D Policies. Exhibit B ¶ 13; s*ee also* 29 U.S.C. § 1002(1)(A).

18. Sedlmayr applied for AD&D benefits under the Plan and the Group AD&D Policies. Exhibit A ¶¶ 18; 23; 26-33.

19. LINA issued determinations regarding Sedlmayr's claim for AD&D benefits. Exhibit A ¶¶ 19-20; 24-25; 34-36.

20. LINA administered Sedlmayr's claim for AD&D benefits in accordance with the Plan, the Group AD&D Policies, and ERISA. Exhibit B ¶¶ 14-15.

21. ERISA governed Sedlmayr's claim for AD&D benefits under the Plan and the Group AD&D Policies. Exhibit B ¶ 16.

22. ERISA preempts all of the state law claims alleged in the complaint against LINA, and provides the exclusive remedies for resolution of benefit claims by employee benefit plan participants and beneficiaries. 29 U.S.C. § 1144(a); 29 U.S.C. § 1132(a)(1)(B); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

23. ERISA's broad preemptive nature allows a cause of action filed in state court that comes within the scope of ERISA to be removable to this Court under 28 U.S.C. §§ 1331 and 1441(b) as an action arising under federal law, even though the ERISA nature of the claim does not appear on the complaint's face. *Taylor*, 481 U.S. at 66.

24. Given that ERISA's preemption provisions are "deliberately expansive, and designed to establish [employee benefit] plan regulation as exclusively a federal concern," removal is appropriate. *Pilot Life,* 481 U.S. at 46.

25. The doctrine of "conflict preemption" preempts any state law that conflicts with ERISA. *See*, *e.g.*, *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 658 (1995); *Pilot Life*, 481 U.S. at 54.

26. Federal question jurisdiction arises, because the claims of Sedlmayr against LINA relate to the Plan, an ERISA-governed employee welfare benefit plan, and, thus, ERISA preempts his state law claims.

27. This Court has original "federal question" jurisdiction over this action pursuant to 28 U.S.C. § 1331 (general federal question jurisdiction provision) and 29 U.S.C. § 1132(e) (ERISA jurisdiction provision).

28. As a civil action founded on a claim or right arising under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

29. The state court in which this action was commenced is within this Court's district, and therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) and 28 U.S.C. §1446.

30. In compliance with D.C.COLO.LCivR 81.1(a), LINA will file with the Clerk of this Court a copy of the current docket sheet from the state court action within fourteen (14) calendar days after filing this notice of removal.

31. LINA will serve and certify service of copies of this Notice of Removal to Sedlmayr as required by 28 U.S.C. § 1446(d).

32. LINA will file a copy of this notice of removal with the Clerk of the District Court of the City and County of Denver, Colorado, pursuant to 28 U.S.C. § 1446(d). CHLIC has attached a copy of the state court notice as Exhibit D.

THEREFORE, defendant Life Insurance Company of North America ("LINA"), which Sedlmayr has incorrectly named as "Cigna Group Insurance a/k/a and d/b/a Cigna Health & Life Insurance Company," requests that the above-referenced action in the District Court of the City and County of Denver, Colorado be removed to this Court, and requests that this Court enter such further orders as may be necessary and proper.

DATED this 17th day of April, 2018.

        Respectfully submitted,

        *s/Jack M. Englert, Jr.*
        Jack M. Englert, Jr.
        HOLLAND & HART LLP
        6380 S. Fiddler's Green Circle, Suite 500
        Greenwood Village, CO 80111
        303-290-1087
        jenglert@hollandhart.com

        **ATTORNEYS FOR DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA AND CIGNA HEALTH & LIFE INSURANCE COMPANY**

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2018 a copy of the foregoing Notice of Removal was sent via electronic mail to the following:

    Alan G. Molk, Esq.
    8400 E. Prentice Ave., Suite 150
    Greenwood Village, CO  80111
    amolk@molklaw.com

    Lauren E. Varner, Esq.
    8400 E. Prentice Ave., Suite 150
    Greenwood Village, CO  80111
    lev@larsonandlarimer.com

    *s/Jack M. Englert, Jr.*
    Jack M. Englert, Jr.
    HOLLAND & HART LLP
    6380 S. Fiddler's Green Circle, Suite 500
    Greenwood Village, CO 80111
    303-290-1087
    jenglert@hollandhart.com

10834255_1