**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action 1:18-cv-00900-LTB-NYW**

THOMAS SEDLMAYR,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

## PLAINTIFF'S MOTION FOR DISCOVERY

Plaintiff Thomas Sedlmayr, by and through his counsel of record, Alan G. Molk of the Law Firm of Alan G. Molk, P.C., and Lauren E. Varner of Varner Faddis Elite Legal, LLC, hereby submits Plaintiff's Motion for Discovery and, in support of said Motion, states and alleges as follows:

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCIVR 7.1(a)

The undersigned certifies that, in accordance with the rules, he conferred with Counsel for Defendant regarding the taking of the depositions sought herein. Counsel for Defendant indicated that he opposes the taking of any depositions in this litigation. On October 18, 2018, during the Scheduling Conference with the Court, Counsel for Defendant confirmed this same position. Accordingly, the Court entered an order requiring Plaintiff to file this Motion by Friday, November 2, 2018.

### I.     PROCEDURAL BACKGROUND

1.     This case involves a dispute concerning accidental death and dismemberment ("AD&D") benefits under plaintiff's employer's Welfare Benefit Plan. Plaintiff's employer at the time of the subject incident was Haliburton Energy Services, Inc. ("Haliburton").

2. Plaintiff, Thomas Sedlmayr, was seriously injured as a result of a 2-inch frozen pipe exploding when it was being heated with a blow-torch in an attempt to unfreeze it. The incident occurred while Mr. Sedlmayr was working on an oil rig in Wyoming owned and operated by his employer. The incident occurred on November 13, 2014.

3. Plaintiff, Thomas Sedlmayr, had available to him certain AD&D benefits in the event that it was determined that he had lost the use of his left hand.

4. Plaintiff's injuries included, but were not limited to, a) amputation of ring and pinky finger on his left hand, b) fractures, including an open fracture, in his left ulna requiring installation of three plates and twenty-five screws, and d) injury to his left elbow, which also required surgery.

5. Plaintiff's claim for benefits was denied on February 15, 2015, by an adjuster for the responsible insurance company, Life Insurance Company of North America ("LINA"). Plaintiff then hired an attorney to file an appeal with respect to the initial denial. Counsel filed the appeal on November 9, 2016. LINA's claims adjuster, "Mike J.," denied the appeal on August 29, 2017, on CIGNA letterhead. Although all correspondence from the responsible insurance company identified the insurance company as CIGNA, apparently, the correct name of the responsible insurance company is LINA.

6. Plaintiff filed his initial Complaint in State District Court. Plaintiff's lawsuit sought recovery of benefits to which he was entitled pursuant to his AD&D policy issued by LINA (initially believed to be CIGNA) and contained State law claims against LINA for Breach of Contract, Common Law Bad Faith, and Statutory Bad Faith.

7. Thereafter, Defendant LINA filed a Notice of Removal to Federal District Court, where it was assigned to Magistrate Nina Y. Wang and his honor, Judge Lewis T. Babcock, removed the case.

8. On June 28, 2018, an initial scheduling conference was held before Magistrate Wang. At the conclusion of the conference, the Court ordered, and the Parties agreed, that

Defendant would file a Motion for Partial Summary Judgment on the issue of whether the Plan in question is governed by ERISA.

9. On July 11, 2018, Defendant filed its Motion for Partial Summary Judgment on that issue, the application of the "Safe Harbor" exemption, and ERISA preemption of State law.

10. Plaintiff filed for, and received, an extension to file his Response on or before August 23, 2018. On August 22, 2018, Plaintiff filed his Response to Defendant's Motion and conceded that the Plan was, and is, an Employee Welfare Benefit Plan under ERISA, the Safe Harbor exemption was not applicable, and that ERISA pre-empted Plaintiff's State law claims. The filing of this pleading was based on additional and different information that came to undersigned counsel's attention following the filing of Defendant's Motion for Partial Summary Judgment.

## II.  UNDISPUTED FACTS

11. Defendant LINA, through counsel Mr. Jack Englert, has acknowledged that it was at all times relevant to the allegations in the Complaint acting in a dual capacity by virtue of being the sole entity responsible for (1) paying any AD&D claims to the Plaintiff and (2) deciding whether the Plaintiff was entitled to any such benefits. That dual capacity role occupied by the Defendant created an inherent structural conflict of interest for LINA.

## III.  ARGUMENT

12. The Employment Retirement Income Security Act ("ERISA") allows an individual who is denied benefits under an employee benefit plan to challenge the denial in federal court. 29 U.S.C.S. §1132(a)(1)(B).

13. Traditionally, in ERISA cases, where the Court had been called upon to review the administrative record to determine if an abuse of discretion would warrant a different result, no discovery was permitted because the court's role was simply to review the administrative record. However, in cases such as this, where the Defendant insurer was operating in a dual capacity

resulting in a structural conflict of interest, courts have allowed the plaintiff to engage in limited discovery ("extra-record discovery") to determine the complete nature and extent of the inherent structural conflict and to ascertain the seriousness of the conflict. *Murphy v. Deloitte & Touche Group Ins. Plan,* 619 F.3d 1151, 1158 (10th Cir. 2010); *Wolberg v. AT&T Broadband Pension Plan,* 123 Fed. Appx. 840 (10th Cir. 2005) (unpublished), attached as **Exhibit A**. District courts have substantial discretion to permit requested discovery under the federal rules that govern the limits and scope of discovery. F.R.C.P. 26(b).

14.  In *Metropolitan Life Insurance Co. v. Glenn*, the Supreme Court recognized that a clear conflict of interest exists when an insurer both evaluates claims and pays them out. 128 S.Ct. 2343, 2350-2352 (2008). The Court held that, despite a court's deferential review, the conflict must be weighed as a factor when determining whether the insurer abused its discretion. That factor becomes even more important if there is evidence that the conflict affected the insurer's benefits decision. In order to make that determination, courts have permitted plaintiffs to pursue certain discovery. The courts have limited discovery to that which is aimed at identifying the potential impact and extent of the inherent structural conflict with regard to the plan administrator's/adjuster's decision. *Murphy,* 619 F.3d at 1156-1163; *Wolberg,* 123 Fed. Appx. at 845-849.

15.  In *Murphy*, supra, the 10th Circuit provided some needed guidance on the issue of discovery in ERISA dual role conflict cases. 619 F.3d 1151 (10th Cir. 2010). Insurer administered the ERISA plan under which Plaintiff sought long-term disability ("LDT") benefits. When the insurer denied Plaintiff LTD benefits, Plaintiff sought review by the 10th Circuit and sought to conduct discovery regarding defendant insurer's "dual role conflict of interest." The court denied Plaintiff's motion and dismissed the case on Defendant's motion for summary judgment. The magistrate judge denied the motion for discovery because the conflict of interest was clear upon review of the administrative record. *Id* at 1154. On appeal, the court employed an arbitrary and

capricious standard in its analysis of the district court's decision to deny plaintiff's motion for discovery and ultimately vacated the district court's order and remanded the case. *Id* at 1157, 1164. The court ultimately determined that, under circumstances such as this, a court may consider "extra-record materials" that pertain to the administrator's dual role and any consequent conflict of interest that may exist. *Id* at 1164. In doing so, the court "must always weigh the conflict of interest in its abuse of discretion analysis, but it must allocate the conflict more or less weight depending on its seriousness." *Id* at 1157. The court explained further that, without the extra-record materials, plaintiff may not have knowledge of the information necessary to establish the nature and seriousness of the conflict. *Id* at 1158. Perhaps most importantly for the court, without this extra-record material, the district court itself is not appropriately situated to assess the weight of the conflict of interest. *Id*. The court in *Murphy* requires that dual role conflict discovery comport with the requirements of Rule 26(b) and, accordingly, be appropriately limited in scope. *Id* at 1163-64. Such discovery must also be necessary to enable the court to undertake a meaningful review. *Id* at 1164.

16. In the present case where the insurer is the plan administrator, Plaintiff possesses no knowledge whatsoever regarding the compensation structure and incentives of those reviewing the claims, including the medical directors, bonus structures for such individuals, claim handling policies and procedures, training of claims handlers, funding of the plan, any connection between claims handling and compensation/bonuses, etc. Such information could make the dual role conflict more serious and, therefore, could be determinative with regard to the court's decision in this case. Finally, Plaintiff is not seeking unlimited, overly broad, burdensome, or costly discovery. Instead, Plaintiff seeks only to take three key depositions that shall be limited in both duration and scope.

17. Undersigned counsel for Plaintiff has conferred with Defense Counsel concerning the nature and extent of discovery to be propounded by the Plaintiff in this matter as it relates to

the issue of the conflict of interest. Mr. Englert has advised undersigned counsel that the Defendant has no objection to Plaintiff submitting 13 Interrogatories and 10 Request for Production of Documents, but has made it clear that his agreement regarding those numbers of requests does not mean that he will not object to the interrogatories and/or request for production of documents based upon on their content. However, Mr. Englert has voiced his objection to Plaintiff taking any depositions in this matter as they relate to the dual capacity role of LINA and its effect, or potential effect, on its decision to deny benefits to Mr. Sedlmayr.

18. Counsel for Plaintiff is seeking leave to depose 1) Mike J., the adjuster who, based upon reviewing the in house medical director's (Dr. Andrea Carabello) assessment, denied the appeal, 2) the in-house medical director for LINA, Dr. Andrea Carabello, who opined, after performing a paper review, that Plaintiff did have use of his left hand, and 3) the Plan Administrator, who would have knowledge and information as to the standard policies, practices, and procedures of LINA as they relate to these kinds of reviews and any and all financial payments, bonus programs, and incentives for the adjuster and/or the medical director that may incentivize them to deny claims.

19. Plaintiff is not seeking, and does not intend, to engage in unnecessarily broad discovery that will slow the efficient resolution of this claim. The sole purpose of these depositions would be to examine the nature, extent, and seriousness of the dual role conflict of interest and to ascertain how it affected the benefits decision in accord with Federal Rule of Civil Procedure 26(b). *Glenn*, 128 S.Ct. at 2351. By way of example, topics to be addressed during the depositions would include, but not necessarily be limited to:

    a) the claim reviewers' and the medical director's compensation;

    b) any applicable bonus structure for claim reviewers and/or the medical director;

    c) claims handling policies and procedures;

    d) the training of the insurer's employees with regard to the relevant processes;

    e)   whether the plan is self-funded and, if not, how it is funded;

    f)   whether the company funding the plan appointed and compensated the plan administrator;

    g)   whether the plan administrator's and/or the adjuster's performance reviews or compensation were linked in any way to the denial of benefits; and

    h)   whether the provision of benefits had a significant economic impact on the company administering the plan.

20.     These depositions exploring LINA's dual role conflict of interest fall within the scope and limits of discovery that is permitted under the rules, as the topics set forth above constitute discovery that is relevant to Plaintiff's claims and that which appears reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1).

21.     The Tenth Circuit has previously determined that, where the defendant insurance company is operating in a dual capacity resulting in a conflict of interest, the courts should utilize a "sliding scale" analysis. "Under [the sliding scale] approach, the reviewing court will always apply an arbitrary and capricious standard, but the court must decrease the level of deference given to the conflicted administrator's decision in proportion to the seriousness of the conflict." *Chambers v. Family Health Plan Corp.* 100 F.3d 818, 825 (10th Cir. 1996); *Loughray v. Hartford Group Life Insurance Co.,* 366 Fed. Appx. 913, 15-16 (10th Cir. 2010), attached as **Exhibit B**.

22.     Inasmuch as this Court, as the reviewing Court, will necessarily utilize the sliding scale to determine whether the conflict is a "standard conflict of interest" or a "serious conflict of interest," additional information beyond the administrative record is required. Accordingly, as a matter of fairness, the Court should afforded Plaintiff the opportunity to conduct some limited discovery beyond interrogatories and request for production of documents in order to flesh out the seriousness of the conflict of interest is in this matter. The 10th Circuit has approved this procedure as set forth by the Circuit Judges in *Loughray*. 366 Fed. Appx. 913, 15-16, 19-21.

23. The Circuit Judges in *Loughray* looked to F.R.C.P. 26(b) for guidance as to the nature and extent of discovery that should be afforded the plaintiff in examining the conflict. 366 Fed. Appx. 913, 19-21. Plaintiff submits that permitted discovery in this matter should include the depositions requested herein in order to afford Mr. Sedlmayr the opportunity to determine, and present evidence on, the seriousness of the inherent conflict and the likelihood that it jeopardized LINA's decision making process in his case. *Loughray*, 366 Fed. Appx. 913, 23.

24. The individuals to be deposed include, the adjuster, Mike J., who denied Mr. Sedlmayr's appeal based upon Dr. Carabello's paper review, the medical director of LINA, Dr. Carabello, who performed the paper review upon which the denial was based, and the Plan Administrator for LINA. Attached, as **Exhibit C**, is LINA's denial of Mr. Sedlmayr's appeal in this matter.

25. The undersigned does not anticipate that any one of these depositions shall exceed two to three hours' time. These depositions are not overly costly or burdensome, particularly in light of their benefits and notions of fairness.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request that the Court issue an Order allowing Plaintiff to conduct limited discovery in the form of 13 Interrogatories, 10 Request for Production of Documents, and three (3) depositions: one of Mike J., the LINA adjuster who denied Plaintiff's appeal, Dr. Andrea Carabello, LINA's in house medical director, and the Plan Administrator.

Respectfully submitted this 2nd day of November, 2018.

/s/ Alan G. Molk_____
Alan G. Molk, #10988
LAW FIRM OF ALAN G. MOLK, P.C.
8400 E. Prentice Ave., Suite 150
Greenwood Village, CO 80111
Phone: 303-290-8808
Fax: 303-290-8851
amolk@molklaw.com


/s/ Lauren E. Varner_____
Lauren E. Varner, #46519
VARNER FADDIS ELITE LEGAL, PLLC
6025 S. Quebec Street, Suite 320
Centennial, CO 80111
Phone: 720-770-8335
Fax: 720-554-7724
lvarner@varnerfaddis.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of November, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jack M. Englert, Jr., Esq.
**HOLLAND & HART LLP**
6380 S. Fiddler's Green Circle, Suite 500
Greenwood Village, CO 80111
jenglert@hollandhart.com
*Attorney for Defendant*

/s/ Lauren E. Varner_____
Lauren E. Varner

*/s/ Alan G. Molk*_____
Alan G. Molk, #10988
LAW FIRM OF ALAN G. MOLK, P.C.
8400 E. Prentice Ave., Suite 150
Greenwood Village, CO 80111
Phone: 303-290-8808
Fax: 303-290-8851
amolk@molklaw.com


*/s/ Lauren E. Varner*_____
Lauren E. Varner, #46519
VARNER FADDIS ELITE LEGAL, PLLC
6025 S. Quebec Street, Suite 320
Centennial, CO 80111
Phone: 720-770-8335
Fax: 720-554-7724
lvarner@varnerfaddis.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of November, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jack M. Englert, Jr., Esq.
**HOLLAND & HART LLP**
6380 S. Fiddler's Green Circle, Suite 500
Greenwood Village, CO 80111
jenglert@hollandhart.com
*Attorney for Defendant*

*/s/ Lauren E. Varner*_____
Lauren E. Varner