## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:18-cv-00900-LTB-NYW**

THOMAS SEDLMAYR,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

---

### PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA

---

    Pursuant to Civil Rules 26 and 33, Plaintiff, Thomas Sedlmayr, hereby requests you to answer the following interrogatories, separately and fully, under oath, within thirty (30) days from the date of their service upon you.

These interrogatories are to be treated as continuing. If information is not available on the date these interrogatories are answered, it is to be furnished when it becomes available. If supplementary information is made known between the time of answering and the time of trial, these interrogatories are directed to that information. If such information is not furnished, the undersigned will move at the time of trial to exclude from evidence any information requested and not furnished, or for a continuance of the trial and terms in order to investigate such matter properly.

These interrogatories are directed to all knowledge and all sources of information with respect to the subject matter indicated, including all knowledge of you, your agent, attorneys, investigators and representatives. Furnish all information, however obtained, including hearsay which is available to you and information known by or in possession of yourself, you agents and your attorneys, or appearing in your records.

If you cannot answer the following interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure unknown information.

The words "you" and "your" as used in each interrogatory mean each and every one of the aforementioned sources.



# DEFINITIONS

As used in these interrogatories and requests for production, the following words and phrases shall have the following meanings:

A. "Documents," as used in these interrogatories means any writing and any other tangible thing in the custody, possession or control of the answering party or known to the answering party—whether printed, recorded, reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason—including, but not limited to, letters, reports, agreements, communications (including intracompany communications), correspondence, telegrams, memoranda, summaries or records of personal conversations, formal or informal notes, diaries, forecasts, photographs, tape recordings, models, statistical statements, graphs, laboratory and engineering reports and notebooks, charts, plans, drawings, minutes or records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, pinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any documents, revisions of drafts of any documents, invoices, receipts and original or preliminary notes. Any comment or notation appearing on any documents, and not a part of the original text, is to be considered a separate "document".

B. "You" or "Your", as used herein means Erin Crooks, its relevant business entities, and all associated or affiliated persons, companies or entities and their agents, assigns, attorneys and anyone else answering these interrogatories and requests for production.

C. "Identify", as used herein with respect to an individual person or entity means to state the full name, present or last known address and telephone number, the present or last known position and business affiliation, and the position and business affiliation at the time in question. When used in reference to a document, "identify" means to state the date and authority, type of document (e.g., letter, memorandum, telegram, chart, etc.) or other appropriate means of identifying it, and its present location and custodian. If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it.

D. "Design" as used herein means to assign a location or establish for a particular use.

E. "Accident" as used herein means the accident alleged in plaintiff's complaint.

# NON-PATTERN INTERROGATORIES

**Interrogatory No. 1**

Identify all persons who were involved in any way with the decision to deny AD&D benefits to Mr. Sedlmayr and state each person's title and duties at the time each was associated with Mr. Sedlmayr's claim.

**Interrogatory No. 2**

Describe in as much detail as possible what financial/promotional incentives, for example, bonuses, compensation packages, promotional incentives, and/or any other kind of incentive, were available to Dr. Carabello and Mike J. between November 13, 2014, and August 29, 2017, as it relates to their involvement in the handling of AD&D benefits in this matter.

**Interrogatory No. 3**

Identify each and every document reviewed by Dr. Carabello in this matter as part of her paper review.

**Interrogatory No. 4**

What, if any, financial interest does/did Dr. Carabello and Mike J. have in LINA during the time period from November 13, 2014, through August 29, 2017.

**Interrogatory No. 5**

State in detail what active steps were taken by LINA's Plan Administrator to reduce potential bias and "wall off" claims administrators from those persons involved in LINA's financial condition; given the inherent conflict of interest in this matter.

**Interrogatory No. 6**

Within the five years preceding Mr. Sedlmayr's claim, state the total number of applications for partial and total disability benefits under LINA's AD&D program and the number found eligible and the number found ineligible for benefits.

**Interrogatory No. 7**

Within the five years preceding Mr. Sedlmayr's claim, state what percentage of claims involving application for AD&D benefits utilized or employed an outside/third-party physician to conduct an independent medical examination and/or record review.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**YOU OR ANYONE ACTING ON YOUR BEHALF** are requested to produce the following documents in your possession, custody, or control for inspection and copying Law Office of Alan Molk, 6025 South Quebec Street, Suite 320, Centennial, CO 80111 within thirty-five (35) days of service of this request.

This request for production is continuing. In the event that any item or material comes to the attention, possession, custody or control of Defendant subsequent to the filing of responses thereto, which item or material is or would be responsive to any request for production therein, but which was not included in original responses thereto, said additional materials shall be furnished to attorneys for Plaintiff on a timely basis.

If Defendant considers any document or thing requested by Plaintiff to be privileged from production, Plaintiff requests that within thirty-five (35) days of the date of services thereof, Defendant serve on Plaintiff a written list of all documents and things withheld from production, identifying each document as follows: date, addressor or author's name, title and address; addresser's name, title and address; the name and address of each person to whom a copy of the document has been sent or shown; the general character of the document; and the legal basis on which each document is considered to be privileged from discovery.

1. Produce copies of any and all written (e-mail or otherwise) internal communications within LINA that concern or pertain to in any way Mr. Sedlmayr's claim and denial of his AD&D benefits.

2. Produce copies of any and all policy and procedure manuals and/or directives as they relate to the handling of AD&D claims filed and appealed by an employee of Haliburton between and including November 13, 2014, and August 29, 2017.

3. Produce copies of the job descriptions for the Medical Director of LINA, Dr. Carabello, and adjuster Mike J. (whose name appears on the denial letter as the adjuster for LINA who denied Mr. Sedlmayr's appeal) during the relevant time period of November 13, 2014, and August 29, 2017.

4. Produce copies of any and all documents, e-mails, memoranda, or any other correspondence that pertain in any way to any aspect of financial incentives to be provided by LINA and/or Haliburton to the medical director of LINA, including Dr. Carabello, and adjusters for LINA, including Mike J., handling AD&D claims for the relevant time period of November 13, 2014, through August 29, 2017.

5. Produce copies of any and all reports and communications, whether by e-mail, letter, memorandum, or any other form of communication, authored by Dr. Carabello as it concerns Mr. Sedlmayr's claim for AD&D benefits.

6. Produce any documents related to Dr. Carabello's and/or Mike J.'s financial interest in LINA during the relevant time of November 13, 2014, through August 29, 2017.

7. Produce the CVs for Dr. Carabello and Mike J.

8. Produce any and all payment records for Dr. Carabello and Mike J. in LINA's possession related to the relevant time period of November 13, 2014, through August 29, 2017.

9. Produce the entire "file review" refenced in Mike J.'s denial of appeal letter dated August 29, 2017 (see "Evidence Evaluated" on page 2).

Respectfully submitted this 2nd day of November, 2018.

| **LAW FIRM OF ALAN G. MOLK, P.C.** | **VARNER FADDIS ELITE LEGAL, LLC** |
|---|---|
| *Original Signature on File at the Law Firm of Alan G. Molk, P.C.* | *Original Signature on File at the Offices Of Varner Faddis Elite Legal, LLC* |
| By: */s/ Alan G. Molk* _____ | By: */s/ Lauren E. Varner* _____ |
| Alan G. Molk, Atty. Reg. #10988 | Lauren E. Varner, Atty. Reg. #46519 |
| **ATTORNEY FOR PLAINTIFF** | **ATTORNEY FOR PLAINTIFF** |
| 6025 South Quebec Street, Suite 320 | 6025 South Quebec Street, Suite 320 |
| Centennial, CO 80111 | Centennial, CO 80111 |
| amolk@molklaw.com | lvarner@varnerfaddis.com |
| 303-290-8808 | 720-770-8335 |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 2nd day of November, 2018, I served this pleading upon the following by email and pursuant to Rule 4:

Jack M. Englert, Jr., Esq.
HOLLAND & HART, LLP
6380 S. Fiddler's Green Cir., Suite 500
Greenwood Village, CO 80111
*Attorney for Defendant*

*Original Signature on File at the Offices
Of Varner Faddis Elite Legal, LLC*

*/s/ Lauren E. Varner* _____
Lauren E. Varner